IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

---

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>SCORPIO M. ROBINSON,<br><br>           Defendant. | ORDER<br><br>09-cr-147-bbc-1 |

---

A hearing to address the parties' joint motion for limited remand of Scorpio M. Robinson's conditions of supervision was held on September 13, 2018, before U.S. District Judge Barbara B. Crabb. The government appeared by Assistant U.S. Attorney Elizabeth Altman. Defendant was present in person and by counsel, William Jones. Also present was U.S. Probation Officer Nicholas Tuma.

From the record I make the following findings of fact.

FACTS

Defendant was sentenced in the Western District of Wisconsin on April 28, 2010, following his conviction for conspiracy to distribute five or more grams of crack cocaine, in violation of 21 U.S.C. §§ 841(a) and 846. This offense is a Class B felony. He was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of 84 months, with a 60-month term of supervised release to follow.

Defendant began his first term of supervised release on August 28, 2015. That term was revoked on August 17, 2017. At the judicial review hearing, I found that defendant had committed the following violations:

> Mandatory Condition: "Defendant shall not commit another federal, state, or local crime." He was arrested for operating while intoxicated, operating after suspension, and unreasonable and imprudent speed on July 22, 2017.
>
> Special Condition No. 5: "Abstain from the use of alcohol…" Defendant used alcohol on July 22, 2017.
>
> Standard Condition No. 6: "Defendant shall notify the probation officer at least ten days prior to any change in residence or employment." Defendant did not work from July 13, 2017, until August 15, 2017. He did not advise his probation officer that he was not working or why.
>
> Standard Condition No. 9: "Defendant shall not associate with any persons engaged in criminal activity, and shall not associate with person convicted of a felony unless granted permission to do so by the probation officer. On July 22, 2017, defendant was in contact with a known felon who was under probation supervision with the Wisconsin Department of Corrections at the time.

Defendant's advisory guideline range was 5 to 11 months, based on a Grade C violation, coupled with Criminal History Category III. A term of imprisonment of 12 months plus one day was imposed to provide defendant an incentive to earn good conduct time. A 12-month term of supervised release was also imposed with mandatory, standard, and special conditions to address his unmet needs and risk of recidivism. Defendant began his second term of supervised release on June 21, 2018. He tested positive for alcohol use on July 24, 2018, and he missed required drug tests on August 16 and 25, 2018. Defendant

is encouraged to comply fully with his conditions to avoid another judicial review in the future.

The Court of Appeals for the Seventh Circuit issued an order for limited remand in this case on August 6, 2018. The parties have asked for reconsideration of Standard Condition No. 11, Special Condition No. 4 and Standard Condition No. 8 that were imposed at the revocation hearing on August 17, 2017. That request is granted.

ORDER

IT IS ORDERED that defendant is to continue on supervised release as previously ordered with the following modifications to his supervised release:

In *United States v. Bickart*, 825 F.3d 832 (7th Cir. 2016), the court of appeals found that Standard Condition No. 11 regarding third-party notification is impermissibly vague. There is no specific risk in defendant's case that can be directly linked to any specific individual or individuals at this time. Accordingly, Standard Condition No. 11 is hereby removed.

Under *United States v. Thompson,* 777 F.3d 368 (7th Cir. 2015), Special Condition No. 4 regarding association with any member or prospective member of any known street gang or affiliate is also impermissibly vague. Standard Condition No. 7 states that "defendant shall not meet, communicate, or spend time with any persons defendant knows to be engaged in criminal activity or planning to engage in criminal activity." This condition is adequate to address the risk that Special Condition No. 4 attempted to clarify. Accordingly, Special Condition No. 4 is also removed.

The parties have also asked the court to modify Standard Condition No. 8 to read as follows:

> Defendant shall permit a probation officer to visit defendant at home, work, or at some other mutually convenient location designated by the probation officer at any reasonable time and shall permit confiscation of any contraband observed in plain view by the probation officer.

All other conditions previously imposed at the time of the revocation hearing held on August 17, 2017, will remain in effect. Defendant is directed to comply with those conditions of supervision.

Entered this 14th day of September 2018.

BY THE COURT:

/s/

_____
Barbara B. Crabb
District Judge